BARRY J. PORTMAN
Federal Public Defender
HILARY A. FOX
Assistant Federal Public Defender
555 - 12th Street, Ste. 650
Oakland, California 94607-3627
Telephone: (510) 637-3500

Counsel for Defendant MAYO

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 05-00579-CW |
| Plaintiff, | **AMENDED** STIPULATION AND ORDER TO MODIFY BRIEFING SCHEDULE |
| v. | |
| MICHAEL EUGENE MAYO, | Date: March 13, 2006 Time: 2:00 p.m. |
| Defendant. | Court: Hon. Claudia Wilken U. S. District Court |

This matter is currently on calendar for motions hearing on Monday, March 13, 2006 at **2:30** p.m. At defendant's last appearance, the Court set a briefing schedule according to which defendant's motions were due to be filed by February 27, 2006. The parties submit this stipulation to request that the Court modify that briefing schedule, for the reasons set forth below.

On February 22, 2006, the Ninth Circuit issued a decision in *United States v. Rodrigo Alejandro Morales-Perez*, No. 05-10115 (filed Feb. 22, 2006), that has repercussions for Mr. Mayo's sentencing exposure in this case. Specifically, the Ninth Circuit in *Morales-Perez* has held that a defendant's prior conviction for violating California Health & Safety Code §11351.5 (*i.e.*, possession or purchase of cocaine base for sale) is not categorically a drug trafficking offense for purposes of the federal Sentencing Guidelines. Several of Mr. Mayo's prior convictions are for

- 1 -

violating §11351.5 or the related statute of §11351. The Ninth Circuit's decisions means the parties will now need to consider documents beyond the abstract of judgment to determine how these prior convictions affect Mr. Mayo's sentence in this case. Because of the potential applicability of the Career Offender statute, these questions have a substantial impact on Mr. Mayo's exposure and on the possibility for a negotiated disposition of his case.

The parties stipulate and agree the Ninth Circuit's recent decision raises new issues that could significantly affect Mr. Mayo's case. The parties further agree that it is appropriate to afford defendant brief additional time to obtain the documents relating to defendant's prior convictions under §11351 and §11351.5 to determine whether or not Mr. Mayo's priors constitute drugs trafficking offenses under *Morales-Perez,* before defendant proceeds with the filing of motions. Therefore, the parties jointly stipulate and request that the briefing schedule previously set be modified as follows:

| | |
|---|---|
| Defendant's motions to be filed by: | March 13, 2006 |
| Government's opposition to be filed by: | March 20, 2006 |
| Any reply to be filed by: | March 23, 2006 |
| Motions hearing set for: | March 27, 2006 at **2:30 p.m.** |

The parties further request that the time between today's date and the date that motions are filed on March 13, 2006, be excluded from calculations under the Speedy Trial Act, 18 U.S.C. §3161(h)(1)(F), §3161(h)(8)(A), and §3161(B)(iv) to afford defendant adequate time for effective preparation.

For these reasons, the parties request that the Court (1) find that the time between today's date and the filing date of motions on is necessary to afford defendant sufficient opportunity to research the new issues raised by the Ninth Circuit's decision in *Morales-Perez*, and (2) order that this period of time should be excluded under the Speedy Trial Act, 18 U.S.C. §3161 (h)(8)(A) and (B)(iv), because this delay is necessary to provide counsel for defendant with the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. The parties

further request that the time between the filing of defendant's motion on March 13 and the hearing on that motion on March 27, 2006, be excluded pursuant to §3161(h)(1)(F) of the Speedy Trial Act, which provides for exclusion for any period of delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing.

SO STIPULATED.

Dated: March 3, 2006          /S/
                              _____
                              HILARY A. FOX
                              Attorney for Defendant MAYO

SO STIPULATED.

Dated: March 7, 2006          /S/
                              _____
                              KIRSTIN AULT
                              Assistant United States Attorney

### SIGNATURE ATTESTATION

I hereby attest that I have on file all holograph signatures indicated by a "conformed" signature ("/S/") within this efiled document.

### ORDER

Based on the reasons provided in the stipulation of the parties above, the Court vacates the motions hearing set for March 13, 2006, and adopts the briefing schedule proposed by the parties. The Court further FINDS that the ends of justice served by excluding the time from today's date through March 13, 2006, outweigh the best interests of the public and the defendant in a speedy trial, and that the failure to afford defendant this time for preparation and filing of motions would deny counsel for defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. See 18 U.S.C. §3161(h)(8)(A) & (B)(iv).

Based on these findings, IT IS HEREBY ORDERED THAT the motions hearing scheduled

for March 13, 2006 shall be continued to March 27, 2006, at **2:30 p.m.**  The Court finds that the time from today's date through March 13, 2006, shall be excluded for purposes of the Speedy Trial Act, 18 U.S.C. §3161(h)(8)(A) and (B)(iv). Upon the filing of defendant's motion, time shall be excluded pursuant to §3161(h)(1)(F), which provides for exclusion for any period of delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing.

IT IS SO ORDERED.

Dated: March 7, 2006

_____
CLAUDIA WILKEN
United States District Court